IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:05CV332

| | |
|---|---|
| MBNA AMERICA BANK, N.A., )<br>)<br>        Plaintiff, )<br>)<br>Vs. )<br>)<br>BLUE RIDGE ARBITRATION, INC., )<br>)<br>        Defendant. )<br>) | **DEFAULT JUDGMENT** |

**THIS MATTER** is before the Court on the Plaintiff's motion for default judgment. Although the motion was served on the Defendant, no response has been received.

## I. PROCEDURAL HISTORY

On November 9, 2005, the Plaintiff filed this action seeking a declaratory judgment, injunctive relief and monetary damages. **Complaint, filed November 9, 2005.** Service was effected, after several failed attempts, through the North Carolina Secretary of State as statutory agent for the service of process. **Affidavit of Service, filed March 3, 2006.** No

response was received from the Defendant and on May 2, 2006, the Clerk entered default.  **Clerk's Entry of Default, filed May 2, 2006.**

## II.  DISCUSSION

The Plaintiff now seeks a default judgment against the Defendant.  This lawsuit stems from the Defendant's alleged interference with the contractual relationships among the Plaintiff and the holders of its credit cards.  The contractual relationship between the Plaintiff and any individual cardholder requires that any disputes be submitted to binding arbitration with the National Arbitration Forum.  The Defendant is not, and has never been, authorized to conduct such arbitrations.  The Plaintiff alleged in the complaint that on numerous occasions the Defendant represented to individual card members that it was authorized to conduct such arbitrations, did, in fact, conduct the same, and entered arbitration awards in favor of the cardholders and against the Plaintiff which were bogus.  In support of this motion, the Plaintiff has listed 29 different cases brought in state court in which it has been obligated to defend itself against the confirmation of these false arbitration awards.  The Plaintiff, therefore, seeks as damages an award of $46,506.89 which represents the costs and

attorneys fees incurred in defending these actions. And, the Plaintiff seeks a declaration of the rights between the parties and an injunction to prohibit the Defendant from continuing to interfere with its contractual relationships. While the Court will grant the relief sought, it will tailor the judgment so as to avoid entering any relief on behalf of the Plaintiff against any person who is not a party to this action.

### III. ORDER

**IT IS, THEREFORE ORDERED** as follows:

1. The Plaintiff is hereby granted declaratory judgment against the Defendant declaring that the Defendant is not recognized as an arbitration forum authorized to conduct arbitrations involving the Plaintiff and its cardholders.

2. The Defendant, its officers, agents, servants, successors, employees, attorneys and those persons or entities in active concert or participation with them, are **HEREBY ENJOINED** from the following conduct:

   a. directly or indirectly interfering with the contractual relationship between the Plaintiff and its cardholders concerning arbitration;

    b.    directly or indirectly conducting arbitration proceedings involving the Plaintiff and its cardholders;

    c.    directly or indirectly issuing any arbitration award involving the Plaintiff and its cardholders;

    d.    directly or indirectly continuing with any arbitration proceedings which it may have already commenced ;

    e.    directly or indirectly issuing, publishing or disseminating to the Plaintiff's cardholders any documents which would in any manner interfere with the contractual relationships of the Plaintiff with its cardholders;

    f.    directly or indirectly accepting any money from the Plaintiff's cardholders for arbitration services involving the Plaintiff and its cardholders; and

    g.    directly or indirectly taking any action to avoid or evade the terms of this injunction.

3. The Plaintiff is hereby awarded the sum of $46,506.89 as damages together with post-judgment interest and costs.

5

Signed: September 22, 2006

Lacy H. Thornburg
United States District Judge